Kenneth R. MARTINEZ, etc., et al., Plaintiff-Appellee,

v.

F. Ray MARSHALL, successor to John T. Dunlop, Secretary, Department of Labor, et al., Defendants-Appellants.

No. 76–2644.

United States Court of Appeals, Ninth Circuit.

Nov. 4, 1977.

As Amended Jan. 12, 1978.

Timothy H. McCarthy, Salinas, Cal., argued for plaintiff-appellee.

William T. McGivern, Jr., Asst. U. S. Atty., San Francisco, Cal., argued for defendants-appellants.

Before CHAMBERS and CHOY, Circuit Judges, and BONSAL,* District Judge.

BONSAL, District Judge:

This is an appeal from an order of the United States District Court for the Northern District of California (Orrick, J.) granting summary judgment and class certification to plaintiff Martinez. The issue on appeal is whether the district court erred in holding that the Secretary of Labor (the "Secretary")[1] exceeded his authority under the Emergency Jobs and Unemployment Assistance Act of 1974, Pub.L.No. 93–567, 88 Stat. 1845 (the "Act") in promulgating regulation 20 C.F.R. § 619.13 (1975) ("Regulation 619.13") with respect to overpayments of Supplemental Unemployment Assistance ("SUA") benefits.

### Factual Background

In early 1975, Martinez was unemployed and became eligible to receive SUA benefits in California. In March and April 1975, he was overpaid a total of $165.00 through no fault of his own. The other 1,962 members of the class also received such overpayments of SUA benefits. The California Employment Development Department, acting pursuant to Regulation 619.13, recouped Martinez' overpayment by withholding his weekly SUA benefits. Martinez sought declaratory and injunctive relief contending that the Secretary abused his authority and discretion under the Act and violated Section 207 of the Act, 88 Stat.

---

* Honorable Dudley B. Bonsal, United States District Judge for the Southern District of New York, sitting by designation.

1. The defendants in the district court action included John T. Dunlop, in his capacity as Secretary of the United States Department of Labor; James Lorenz, in his capacity as Director, California Employment Development Department; the California Unemployment Insurance Appeals Board; and the California Employment Development Department. The new Secretary of Labor is F. Ray Marshall. The Secretary of Labor is the only defendant who has appealed from the order of the district court.

1852, 26 U.S.C. § 3304 (note), by recouping overpayments without consideration of Section 1375 of the California Unemployment Insurance Code which provides:

"Any person who is overpaid any amount of benefits under this part is liable for the amount overpaid unless:

(a) The overpayment was not due to fraud, misrepresentation or willful nondisclosure on the part of the recipient; and

(b) The overpayment was received without fault on the part of the recipient, and its recovery would be against equity and good conscience."

On January 16, 1976, the district court heard oral argument on the parties' cross-motions for summary judgment and then granted Martinez' motion and denied the defendants' motion. The district court also certified the action as a class action.

On March 8, 1976, the district court filed an opinion holding that the defendants should be enjoined from enforcing Regulation 619.13 insofar as it authorized recovery of SUA overpayments under circumstances inconsistent with the provisions of the Act, and that the defendants should review the claims of the individual class members to determine which payments were recouped without consideration of the provisions of the California law. Final judgment was filed on May 24, 1976. The Secretary appealed. We affirm.

### Statutory Provisions

The Act, which was approved on December 31, 1974, provides monetary assistance for unemployed persons. Title II establishes a temporary federal program of special unemployment assistance for workers "who are unemployed during a period of aggravated unemployment and who are not otherwise eligible for unemployment allowances under any other law." Under the SUA program, workers not previously covered, including farmworkers, domestics, and certain public employees, may be eligible for up to 26 weeks of unemployment benefits.

Section 202 of the Act, 88 Stat. 1850, 26 U.S.C. § 3304 (note), provides:

"Each State which enters into an agreement with the Secretary of Labor, pursuant to which it makes payments of special unemployment assistance in accordance with the provisions of this title and the rules and regulations prescribed by the Secretary of Labor hereunder, shall be paid by the United States from time to time, prior to audit or settlement by the General Accounting Office, such amounts as are deemed necessary by the Secretary of Labor to carry out the provisions of this title in the State. Assistance may be paid under this title to individuals only pursuant to such an agreement."

Section 207 of the Act, 88 Stat. 1852, 26 U.S.C. § 3304 (note), provides:

"Except where inconsistent with the provisions of this title, the terms and conditions of the applicable State unemployment compensation law which apply to claims thereunder for regular compensation and the payment thereof shall apply to claims for assistance under this title and the payment thereof."

On February 6, 1975, the Secretary promulgated Regulation 619.13 which provided in relevant part:

"If the State agency of the applicable State or a court of competent jurisdiction finds, after a determination and an opportunity for fair hearing thereon, that an individual has received a payment of SUA to which the individual was not entitled under the Act and this regulation, irrespective of whether or not payment was due to the individual's fault or misrepresentation, the individual shall be liable to repay to the applicable State the total sum of the payment to which the individual was not entitled, . . ." 20 C.F.R. § 619.13(a).

\* \* \* \* \* \*

"Any provision of the applicable State law providing for waiver of recovery of overpayments or compensation shall not be applicable to SUA." 20 C.F.R. § 619.-13(f).

Effective June 30, 1975, Congress enacted the Emergency Compensation and Special

Unemployment Extension Act of 1975, Pub. L.No. 94–45, 89 Stat. 236, which contained technical amendments to the Act to permit a state agency to waive repayment of SUA overpayments if the overpayment was not due to the fault of the recipient and if the repayment would be contrary to equity and good conscience. Subsequently, the Secretary amended Regulation 619.13 to provide for the waiver of repayment of SUA overpayments.

Therefore, the issue on appeal is whether the district court erred in holding that the actions of the Secretary in recouping overpayments pursuant to Regulation 619.13 between February 6, 1975 and June 30, 1975 were contrary to law.

The Secretary contends that he was authorized to promulgate Regulation 619.13 to effectuate the purposes of the Act because Section 202 of the Act provides that the payments of SUA benefits are to be made "in accordance with the provisions of this title and the *rules and regulations prescribed by the Secretary of Labor hereunder . . .*" (emphasis supplied). The Secretary argues that Regulation 619.13 is within the scope of his authority and that the June 30, 1975 amendments are not retroactive and do not apply to prior recoupments.

The Secretary also contends that any repayment of SUA overpayments to Martinez or members of the class would constitute unauthorized retroactive benefits in violation of the doctrine of sovereign immunity. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

### The Decision Below

In granting summary judgment for Martinez, the district court found that, while the Act prior to the June 30, 1975 amendments did not provide for waiver or recoupment of overpayments, it did provide that state law applied except where inconsistent with the Act. Since the Act was silent on the issue, the district court reasoned that the California law, which provided for

waiver of overpayments, was not inconsistent with the Act and should have been applied. Therefore, the district court held that Regulation 619.13 was not authorized by the Act and that its promulgation constituted an abuse of the Secretary's discretion.

■ The district court also held that sovereign immunity did not bar the suit because the Secretary of Labor acted in excess of his statutory authority in promulgating Regulation 619.13. *See Dugan v. Rank,* 372 U.S. 609, 621–22, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Florida v. Weinberger,* 492 F.2d 488, 496 (5th Cir. 1974); *Phillips v. Dawson,* 393 F.Supp. 360, 366 (W.D.Ky. 1975). The district court held that jurisdiction was proper under both the Administrative Procedure Act, 5 U.S.C. § 702, and the mandamus statute, 28 U.S.C. § 1361. *See Mulry v. Driver,* 366 F.2d 544 (9th Cir. 1966); *Knuckles v. Weinberger,* 511 F.2d 1221 (9th Cir. 1975).

The decision of the district court was rendered prior to the decision of the Supreme Court in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), holding that Section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706, does not afford an implied grant of subject-matter jurisdiction to review agency actions. Since we are bound by *Sanders,* we reverse the district court in its finding of jurisdiction under the APA. We agree with the district court's second basis for review, however, the mandamus statute.

### Regulation 619.13

Section 207 of the Act provides for the application of state unemployment compensation law "except where inconsistent with the provisions of this title." It is clear from the language of the Act that the SUA program was to be carried out jointly by the state and federal governments with the federal government providing the funds.

In four earlier unemployment insurance programs—(1) federal employees (5 U.S.C. § 8501 *et seq.*); (2) ex-servicemen (5 U.S.C. § 8521 *et seq.*); (3) the Federal-State Extended Unemployment Compensation Act

of 1970 (Title II of Pub.L.No. 91–373, 84 Stat. 695, 708); and (4) the Emergency Unemployment Compensation Act of 1971 (Title II of Pub.L.No. 92–224, 85 Stat. 810, 811)—the Secretary provided by regulation for waiver of overpayments in accordance with applicable state law.[2] Thus, these statutes, which contain language similar to that contained in Section 207 of the Act,[3] have been interpreted by the Secretary to permit waiver of overpayments in accordance with state law.[4]

■ While recognizing that administrative regulations consistent with the purposes of legislation have the force of law, *Morton v. Ruiz,* 415 U.S. 199, 230–37, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974); *see Espinoza v. Farah Mfg. Co.,* 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973); *Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 381, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969); *Thorpe v. Housing Authority of Durham,* 393 U.S. 268, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969), the weight to be given to an administrative

2. The regulations promulgated by the Secretary include the following:

(i) 20 C.F.R. § 609.21(b)(4), which refers to the federally funded program of unemployment insurance for federal employees, provides:

"(b) Absence of fraud. In cases of overpayment where there has been no finding by a State agency or court of competent jurisdiction of intent to defraud the determinations specified below shall be made *under the applicable State unemployment compensation law:*

\* \* \* \* \* \*

(4) *Whether a waiver of such overpayment may be permitted.*" (Emphasis added)

(ii) 20 C.F.R. § 614.16(b)(4), which refers to the unemployment insurance program for ex-servicemen, provides:

"(b) Absence of fraud. In case of overpayment where there has been no finding by a State agency or court of competent jurisdiction of intent to defraud the determinations specified below shall be made *under the applicable State unemployment compensation law:*

\* \* \* \* \* \*

(4) *Whether a waiver of such overpayment may be permitted.*" (Emphasis added)

(iii) 20 C.F.R. § 615.8, which refers to the Federal-State Extended Unemployment Compensation Act of 1970, provides:

"The provisions of State law applicable to recovery of overpayments (including restitution and offset) shall apply to overpayments of extended compensation. If there is recovery of extended compensation, that proportion of the amount restored or offset which represents the Federal share of the original payment shall be restored to the appropriate Federal account."

(iv) 20 C.F.R. § 617.10(a), which referred to the Emergency Unemployment Compensation Act of 1971, provided:

"(a) Except as provided in paragraph (b) of this section, overpayments of temporary compensation shall be recovered from an individual in accordance with the provisions of the unemployment compensation law of his applicable State relating to recovery of overpayments: Provided, that recovery by offset is effectuated only by offset against temporary compensation that subsequently becomes payable to the individual."

3. The following two sections are merely examples:

Section 202(a)(2) of the Federal-State Extended Unemployment Compensation Act of 1970, 84 Stat. 708, 26 U.S.C. § 3304 (note), provides:

"Except where inconsistent with the provisions of this title, the terms and conditions of the State law which apply to claims for regular compensation and to the payment thereof shall apply to claims for extended compensation and to the payment thereof."

Section 202(d)(2) of the Emergency Unemployment Compensation Act of 1971, 85 Stat. 813, 26 U.S.C. § 3304 (note), provides:

"(d) For purposes of any agreement [between federal and state governments] under this title—

\* \* \* \* \* \*

(2) the terms and conditions of the State law which apply to claims for regular compensation and to the payment thereof shall (except where inconsistent with the provisions of this title or regulations of the Secretary promulgated to carry out this title) apply to claims for emergency compensation and the payment thereof."

4. The Secretary cites two other statutes under which he has taken the position that overpayments should be recouped. Neither is apposite here. Regulations under the Disaster Unemployment Assistance Act, 42 U.S.C. § 5121 *et seq.* have not been found to be inconsistent with the purposes of the statute as we have found is the case with Regulation 619.13. Under the second statute, the Emergency Unemployment Compensation Act of 1974, Pub.L.No. 93–572, 88 Stat. 1869, the Secretary, by promulgating regulations which prohibit the waiver of overpayments (20 C.F.R. § 618.15(a) & (f)), has departed from past practices in the area of unemployment compensation regulation. His regulations have been challenged in this Circuit. *See Tongol v. Usery,* No. 77–2291.

regulation depends upon " 'its consistency with earlier and later pronouncements.' " *Morton v. Ruiz, supra,* 415 U.S. at 237, 94 S.Ct. at 1075, *citing Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944); *see generally* 1 K. Davis, *Administrative Law* §§ 5.03–5.06 (1958 ed. and Supp.1970).

■ Here, the Secretary promulgated Regulation 619.13 which is inconsistent with previous regulations under similar statutory provisions dealing with unemployment compensation programs. Moreover, Regulation 619.13 is inconsistent with the congressional purpose of the Act as demonstrated by the subsequent June 30, 1975 amendments. Since we find that Regulation 619.13 is not consistent with the legislative purpose of the Act and is in excess of the Secretary's statutory authority, it does not have the force and effect of law. 5 U.S.C. § 706(2)(A) & (C); *see Federal Maritime Commission v. Seatrain Lines, Inc.,* 411 U.S. 726, 745–46, 93 S.Ct. 1773, 36 L.Ed.2d 620 (1973); *Reardon v. United States,* 491 F.2d 822, 824 (5th Cir. 1974). Accordingly, we find the recoupment of overpayments between February 6, 1975 and June 30, 1975 was contrary to law.

### Sovereign Immunity Discussion

■ While the Supreme Court in *Larson v. Domestic & Foreign Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948) held that the government cannot be sued without its consent, suits against an officer of the government are not considered suits against the government when the officer's powers are limited by statute and the actions are beyond those limitations, or when the statute or order conferring power upon the officer to act is claimed to be unconstitutional. *Larson v. Domestic & Foreign Corp., supra,* 337 U.S. at 689–90, 69 S.Ct. 1457. Here the issue is whether the Secretary's powers were limited by statute and whether Regulation 619.13 was contrary to the congressional intent and therefore went beyond the Secretary's discretion under the statute. The Secretary argues that even if the regulation is inconsistent with the stat-

ute, the defense of sovereign immunity still obtains because the relief sought here falls within an exception carved out by the Supreme Court in footnote 11 of the *Larson* opinion. That footnote provides that sovereign immunity *may* preclude suit if the relief sought "will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Larson v. Domestic & Foreign Corp., supra,* 337 U.S. at 691 n. 11, 69 S.Ct. at 1462. This Circuit, however, has interpreted footnote 11 to mean that sovereign immunity will bar relief in cases only when "the relief sought would work an intolerable burden on governmental functions, outweighing any consideration of private harm." *Washington v. Udall,* 417 F.2d 1310, 1318 (9th Cir. 1969). The record is clear that the relief sought by the plaintiffs in this case does not work an intolerable burden on governmental functions since, at most, the repayments would amount to $92,500.00. It is also equally clear that the plaintiffs will suffer considerable harm if the Secretary seeks to recoup payments which they received in good faith and without fault.

While the Secretary cites *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), in support of his position, *Edelman* is distinguishable because it involved a suit against a *state* and the application of the Eleventh Amendment. Here, in a case involving a suit against the *federal* government, we have found that Regulation 619.13 is inconsistent with the purposes of the legislation and is outside the scope of the Secretary's authority.

In *De Lao v. Califano,* 560 F.2d 1384 (9th Cir., September 16, 1977), recently decided by this Circuit, the Court held that payment of retroactive benefits from the federal treasury would, in that case, "work an intolerable burden" on the government and, consequently, was barred by the doctrine of sovereign immunity. Since the funds involved in this case had been appropriated by Congress, and since there is no showing that an intolerable burden on governmental functions would result from returning the recouped payments, we hold that the doc-

trine of sovereign immunity does not operate as a bar. *See Washington v. Udall, supra; see generally Ickes v. Fox,* 300 U.S. 82, 96–97, 57 S.Ct. 412, 81 L.Ed. 525 (1937); *Wilbur v. United States ex rel. Krushnic,* 280 U.S. 306, 318–19, 50 S.Ct. 103, 74 L.Ed. 445 (1930); *Turner v. Kings River Conservation District,* 360 F.2d 184, 189–90 (9th Cir. 1966).

We find no error in either the district court's certification of the action as a class action or in the procedure outlined by the district court for the review of each class member's claim.

Accordingly, the order of the district court is affirmed.