**Viola E. EGBERT, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.**

No. 82–7731.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1983.

Decided Nov. 25, 1983.

John William Cummings, Eureka, Cal., for petitioner.

Allen H. Feldman, Jancie Corwin, Washington, D.C., for respondent.

Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

KENNEDY, Circuit Judge:

This case involves two issues under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–182 (1978). First, whether the Secretary may at any time reopen the determination of an employee's entitlement to benefits, and, second, whether receipt of Social Security disability payments bars a claimant from benefits under the Act where the Secretary is contesting the claim. We rule for the employee on both points.

The Secretary concedes that equitable concerns may in special cases bar reconsideration of entitlement determinations, despite the broad statement in regulations promulgated under the Act. *See* 29 C.F.R. 92.50(r). The instant case is most appropriate for determining that equitable principles bar the Secretary from reopening the question of employee eligibility. The issue is whether the employee was terminated prior to the effective date of the Act, as distinct from being continued in a disabled status. That issue was determined by the Secretary some four years ago, and at that point the relatively simple factual inquiry focused on events that transpired some seven years before. The information the Secretary now relies on to make a redetermination was available earlier and is not dispositive in any event, since whether the employee was notified would also bear on whether the employee was terminated. *See* Cal.Lab.Code § 2922 (West Supp.1982) (at will employment is terminated by employer on notice to employee). There has been no fraud, misrepresentation, or manipulation of the facts by the employee. While the Secretary need not always show good cause in order to reopen a benefit determination, the absence of good cause is a factor to consider when, in an aggravated case, we are considering the equities of the matter. The Secretary's delay in reopening the issue is not for good cause. *Cf.* 29 C.F.R. 92.-50(u). In the circumstances before us, we determine it is inequitable to reopen the earlier determination in favor of the employee.

Section 205(b) makes claimants receiving Social Security disability benefits ineligible under the Act. We find the section inapplicable, however, where Social Security is received in lieu of Redwood Act benefits by reason of the Secretary's contesting the latter. An appropriate adjustment in Redwood Act benefits must be made to prevent double recovery. But we do not think Congress contemplated that Social Security benefits must be waived as a condition to claiming benefits under the

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

Act, where the Secretary is contesting payment. In this case the Secretary would have the employee receive no benefits for the four years the contest has endured. The statute does not require that result. Indeed, Congress commanded that the Secretary "avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title." § 213(f).

The case is remanded to the Secretary for payment of benefits, subject to offset for Social Security disability payments that were made and retained, as provided by the administrative law judge in his order of June 1, 1981.

The five years of administrative hearings in this case constitute the Bleak House of litigation under the Redwood National Park Expansion Act. Accordingly, the petitioner is awarded attorney's fees for this appeal under the Equal Access to Justice Act. Petitioner's attorney is directed to file an application for fees, with supporting documentation, within 30 days of this order. 28 U.S.C. § 2412(d)(3) (Supp. V 1981).

REMANDED.