**John E. DEMARINIS, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, Respondent.**

No. 83–7489.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 18, 1983.

Submitted March 21, 1984.

Decided March 21, 1984.

John William Cumming, Eureka, Cal., for petitioner.

Dennis A. Paquette, Dept. of Labor, Washington, D.C., for respondent.

Before GOODWIN, SCHROEDER and FARRIS, Circuit Judges.

GOODWIN, Circuit Judge:

John E. Demarinis appeals from the Assistant Secretary of Labor's decision that he is ineligible for Redwood Employee Protection Program (REPP) benefits under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–13, 92 Stat. 163, 172–82.

Demarinis was employed as a lab technician for over nine years with the Samoa Lumber Mill of the Louisiana-Pacific Corporation. In early November, 1978, the hourly employees went on strike, and Demarinis was temporarily assigned to an eight-hour graveyard shift tending the boiler. During this period he worked overtime to complete his regular duties as a lab technician. On November 8, 1978, he refused to work a twelve-hour graveyard shift tending the boiler, and was discharged from his position as a lab technician. Demarinis testified before the administrative law judge that he

---

did not refuse to work, but rather sought to be reassigned away from the graveyard shift.

The California Employment Development Department (EDD) found Demarinis eligible for both State unemployment compensation benefits and REPP benefits. An administrative law judge affirmed on the grounds that the refusal to work constituted a voluntary leaving with "good cause" as defined in Cal.Unemp.Ins.Code § 1256. Demarinis began collecting his benefits.

Several months later, the EDD changed its eligibility policy and decided that a voluntary leaving with good cause did not constitute a qualifying layoff as defined in the Redwood Act. Demarinis was issued a notice that because he voluntarily left his employment and therefore was not "laid off", he was not an eligible employee under the Redwood Act. An ALJ and the Secretary affirmed the EDD's new determination of ineligibility.

This appeal presents a question of statutory interpretation. Title II of the Act, section 213(f), provides that where there is more than one reasonable interpretation of the Act, the Secretary shall adopt the construction which is the most favorable to employees. See Local 3–98, International Woodworkers of America v. Donovan, 713 F.2d 436, 439 (9th Cir.1983). This rule also applies to the interpretation of Redwood Act regulations. David v. Donovan, 698 F.2d 1057 (9th Cir.1983).

In this case the Secretary's own regulations preclude him from reconsidering Demarinis' eligibility for REPP benefits. 29 C.F.R. § 92.50(c) provides that the EDD may reconsider determinations of eligibility on the same terms and under the same conditions as it may reconsider its own determinations made under California unemployment insurance statutes and regulations.

The California Unemployment Insurance Code, § 1332(a), provides that a determination may be reconsidered within twenty days after mailing or service of the notice of determination. The Secretary clearly has not met this time limit. The Secretary

claims that California unemployment insurance regulations permit him to reconsider Demarinis' claim, citing 22 Cal.Adm.Code §§ 1326–1 through 1326–6. Section 1326–1(b)(4), which describes the "usual procedures" followed in handling a claim, see § 1326–1(b), comes closest to supporting the Secretary. This subsection says that the claimant reports periodically to the EDD for an interview concerning his or her efforts to find work, and states that the interview "is designed to discover any potential eligibility issue." This language at most authorizes the Secretary to redetermine a claimant's eligibility if the factual situation changes, e.g., if he or she finds another job. It does not authorize him to reconsider eligibility when he changes his interpretation of the applicable law, because the interviews are not designed to discover changes in the law.

The Secretary is bound by his own regulations. United States v. Nixon, 418 U.S. 683, 696, 94 S.Ct. 3090, 3101, 41 L.Ed.2d 1039 (1974); 2 K. Davis, Administrative Law Treatise § 7:21 (2d ed. 1979). He is not permitted to redetermine whether Demarinis quit or was laid off now that the 20 day period has expired.

In a somewhat similar case we held on equitable grounds that the Secretary was not free to redetermine whether an employee had been laid off before or after the effective date of the Act many months after the state agency had found the worker to be eligible. See Egbert v. Donovan, 720 F.2d 1122 (9th Cir.1983).

Construing the statutory scheme as a whole, we hold that the Secretary was time barred from redetermining Demarinis' eligibility and that the petition must be allowed.

Judgment for Petitioner.

FARRIS, Circuit Judge, dissenting:

I respectfully dissent. I would affirm the Assistant Secretary of Labor's decision that Demarinis is ineligible for REPP benefits on the grounds that Demarinis was not "laid off" and therefore not eligible for REPP benefits, and that 29 C.F.R. 92.50(c)

does not prevent the EDD from correcting its erroneous interpretation of the Act.

Twenty-nine C.F.R. 92.50(c) and Cal.Unemp.Ins.Code § 1332 provide that the EDD may, for good cause, reconsider any determination within twenty days after notice of the determination. This reconsideration provision was intended to allow supervisors to correct errors in the vast number of eligibility determinations made by interviewers, and thus to facilitate the EDD's performance of its duty to pay or deny benefits promptly. *See* Cal.Unemp.Ins. Code § 1326; *Miranda v. California Unemployment Insurance Appeals Board,* 36 Cal.App.3d 213, 218–20, 111 Cal.Rptr. 419, 422–23 (1973).

While this provision prevents the EDD from correcting some erroneous eligibility determinations, it should not be applied to prevent the agency from correcting its erroneous interpretations of law. An agency's power to correct its mistakes of law and apply new interpretations prospectively is fundamental to agency decision-making.

> When either a court or an agency decides that law it has previously declared is unsound and ought not to be followed, neither estoppel nor stare decisis nor any other doctrine should prevent it from creating new law and applying it prospectively.

Davis, Administrative Law Text § 17.07 (1972). "The making of an error in one case, if error it was, gives ... no right to its perpetuation." *Sirbo Holdings, Inc. v. C.I.R.,* 509 F.2d 1220, 1222 (2d Cir.1975).

In *Automobile Club of Michigan v. Commissioner,* 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746 (1957), the Commissioner of Internal Revenue revoked a ruling which was based on an erroneous interpretation of the law. The Court upheld the Commissioner's determination that a party previously found to be tax exempt was now liable for both future and past taxes. The Court cited *Automobile Club* with approval in *Dixon v. United States,* 381 U.S. 68, 72–3, 85 S.Ct. 1301, 1304, 14 L.Ed.2d 223 (1965), and noted that the Commissioner's power to retroactively correct mistakes of law "is no more than a reflection of the fact that

Congress, not the Commissioner, prescribes the tax laws."

To force the government to pay Demarinis' REPP benefits here would create an obligation that conflicts with the congressional scheme for the allocation of the public treasury. *See Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1981). Demarinis is not entitled to REPP benefits because he was not "laid off." The Act provides benefits for "affected employees" who meet the eligibility requirements of § 205(b). "Affected employees" are defined as "covered employees" who are either (1) laid off by an "affected employer" within a certain time period or (2) determined by the Secretary to be adversely affected by the expansion of the Redwood National Park. § 201(11). The Secretary ruled that voluntarily leaving work with good cause is not a layoff within the meaning of the Act. The Secretary's construction of the term "layoff" is the only reasonable interpretation of the Act.

Congress enacted Title II of the Act to provide economic benefits to employees who were *"directly affected"* by the park's expansion. H.R.Rep. No. 95–581, 95th Cong., 2d Sess. 18, *reprinted in* 1978 U.S.Code Cong. & Ad.News 463, 464 (emphasis added). The legislative history shows that the REPP was intended to assist persons who had been "thrown out of work" as a result of the park's expansion. 124 Cong.Rec. 7799 (Mar. 21, 1978).

Demarinis contends that the word "layoff" is used as a term of art and that it refers to the status of being out of work. He thus equates "layoff" with the term "unemployed" as it is defined in Cal.Unemp.Ins.Code § 1252. Title II, however, not only uses the term "layoff" but also includes a definition of "layoff" that is considerably narrower than the definition of unemployed. Compare § 201(12) of the Act with Cal.Unemp.Ins.Code § 1252. *See also* Cal.Unemp.Ins.Code § 1256. The Act's definition is consonant with the general usage of the term. BLACK'S LAW DICTIONARY 799 (5th ed. 1979).

Neither of the Act's two references to the California Unemployment Insurance Code supports Demarinis' construction. *See* § 203, 205(b). If Congress had intended that eligibility for REPP benefits be determined according to state unemployment insurance law, Congress could have made this explicit in the statute. In the employment assistance acts under consideration in both *Tongol v. Usery,* 601 F.2d 1091 (9th Cir. 1979) and *Martinez v. Marshall,* 573 F.2d 555 (9th Cir.1978), it was explicitly provided that eligibility be determined under the applicable state unemployment compensation law. *See also* The Trade Act of 1974, 19 U.S.C. § 2294.

Demarinis was thus never eligible for REPP benefits. The EDD's initial determination of eligibility should not give him a vested right to the perpetuation of its error.