Helen R. CAVENDER, Petitioner,

v.

Raymond J. DONOVAN, Secretary of Labor, Respondent.

No. 83–7237.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 1983.

Decided Jan. 29, 1985.

John William Cumming, Eureka, Cal., for petitioner.

Barbara J. Johnson, Dept. of Labor, Washington, D.C., for respondent.

Before GOODWIN, SCHROEDER, and FARRIS, Circuit Judges.

PER CURIAM.

This case arises under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–13, 92 Stat. 163, 172–82. The Secretary of Labor denied Helen R. Cavender's claim for benefits under the Redwood Employee Protection Program (REPP) because she was not an "affected employee" as defined in the Act but voluntarily quit in order to follow her husband to a new job in Oregon. We affirm.

Under the Redwood Act, employees who are eligible for California State Unemployment Compensation are eligible for REPP benefits if they are "affected employees." Section 201(11) defines affected employees as:

> (11) "affected employee" means a covered employee who is either totally or partially laid off by an affected employer within a time period beginning on or after May 31, 1977, and ending September 30, 1980, unless extended, as provided in section 203, or is determined by the Secretary to be adversely affected by the expansion of the Redwood National Park. An employee shall be deemed adversely affected as of the date of the employee's layoff, downgrading, or termination.

Section 203 creates a conclusive presumption that employees totally or partially laid off between May 31, 1977, and September 30, 1980, were adversely affected by the expansion of the park. The petitioner in this case is claiming benefits for a period after she left her job on May 1, 1981, and is not entitled to such a presumption.

While the California State Unemployment Compensation Agency treated Helen's unemployment as "for good cause" and paid her compensation accordingly, it does not follow that her quitting made her an "affected employee for the purposes of the Redwood Act." She argued that the reason her husband went to Oregon to look for work was because he had been laid off within the meaning of the Redwood Act. That may be true, and Helen's subsequent decision to quit work and go with her husband was thus related in a social sense to the Redwood park expansion. But it does not follow that she can collect the money that the statute awards to those who lost their employment as the result of the park expansion. Her job was not adversely affected by the park expansion; her husband's job was so affected.

Helen's husband either qualified for and received benefits on his own account or he did not. The record does not inform us. But Helen left her work voluntarily for social and family reasons unrelated either to her work or to her employer's business. She is not entitled to be treated as one who was laid off because of the park expansion.

This case is distinguishable from that of *Demarinis v. Donovan*, 728 F.2d 1266 (9th Cir.1984). There an employee, discharged in 1978, had originally been treated by the Secretary as an affected employee within the meaning of the Redwood Act and eligible for REPP benefits. We held he could not be reclassified as disqualified for REPP benefits after the 20-day period for reconsidering the determination had run. The agency changed its view of the matter and decided long after making the award that Demarinis was disqualified. In the case at bar, the Secretary and his agents have consistently treated Helen's voluntary quit as outside the eligibility for separate benefits on her part, even though her ultimate reason for quitting may have been related, by marriage, to the park expansion. Mrs. Cavender seeks benefits for a period beginning after September 30, 1980, and it cannot be argued that the presumption of causation contained in section 203 of the Act applies in her case.

Affirmed.