**Curtis W. HOLT, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.**

No. 82–7745.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided April 10, 1985.

David S. Krueger, Warren R. Jensen, Esq. Stokes, Steeves, Warren & Jensen, Arcata, Cal., for petitioner.

Barbara J. Johnson, U.S. Dept. of Justice, Washington, D.C., for respondent.

On Petition for Review of a Final Determination of the Secretary of Labor.

Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

We must decide whether a covered employee who quit his job is entitled to benefits under Title II of the Redwood National Park Expansion Act of 1978 ("Redwood Act"), Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–82.[1] Under the authority of *Demarinis v. Donovan,* 728 F.2d 1266 (9th Cir.1984), we must conclude that he is.

Holt was a foreman for Simpson Timber Company, an affected employer under the Redwood Act. *See* Redwood Act §§ 201(6)–(9). On January 16, 1979, Holt informed his supervisor that he was under "tremendous pressure" and wanted to quit. Told to reconsider, the next day Holt repeated his desire to quit, and offered to give thirty days notice. Not wanting a

dissatisfied employee, the supervisor told Holt to leave immediately but agreed to pay him through the end of the month.

Holt received California unemployment compensation benefits as an employee who quit "for cause," based on a determination by a California unemployment compensation administrative law judge that Holt quit on the verge of a nervous breakdown. Holt also applied to the California Employment Development Department (EDD) for benefits under the Redwood Employee Protection Program. Although initially deemed ineligible, Holt received an amended notice from the EDD, dated November 14, 1979, awarding him weekly layoff benefits under the Redwood Act.

Two days later, the EDD issued a legal opinion that a qualifying "layoff" within the meaning of the Act "occurs only when an affected employer has not made work available to any employee." The EDD issued internal memoranda in early 1980 explaining that when an employee voluntarily leaves available work, no qualifying layoff has occurred. As a result of this interpretation, "applicants initially classified as 'affected' based on a voluntary quit with good cause" were to be "decertif[ied]."

On April 10, 1980, the EDD issued a second amended notice advising Holt of his ineligibility for Redwood benefits. Holt appealed this determination to the California Unemployment Insurance Appeals Board. The administrative law judge found Holt ineligible because he "was not laid off, but voluntarily left his employment when continued employment was available to him." The Secretary sustained this decision. Under our decision in *Demarinis,* 728 F.2d 1266, the EDD lacked authority to reclassify him, and we reverse.

In *Demarinis,* as here, petitioner voluntarily left his position and began to collect Redwood Act benefits. Subsequently, the EDD changed its eligibility policy and determined that Demarinis was ineligible for

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Title II of the Redwood Act is not codified.

benefits under the Act. Our court held the Secretary to be time barred from redetermining petitioner's eligibility for benefits. *Demarinis,* 728 F.2d at 1267; *see* 29 C.F.R. § 92.50(c) (1984); Cal.Unemp.Ins.Code § 1332 (West 1972 & Supp.1985).

That same result must obtain here. Holt began to receive benefits in November 1979, and was not advised of his ineligibility until April 1980. 29 C.F.R. § 92.50(c) provides that the EDD may reconsider eligibility determinations under the same terms and conditions as it may reconsider its own determinations made under the unemployment insurance laws of California. Section 1332(a) of the California Unemployment Insurance Code permits reconsideration of a determination within twenty days after mailing or service of the notice of determination. Because the Secretary has not met this time limit, the petition must be allowed.

Judgment for petitioner.

KENNEDY, Circuit Judge, with whom HOFFMAN, District Judge, joins, concurring:

I concur in the opinion of the court solely because the previous decision of this court in *Demarinis v. Donovan,* 728 F.2d 1266 (9th Cir.1984), compels this result. Were this a case of first impression, I would readily adopt the analysis employed by Judge Farris in his dissent in *Demarinis. Id.* at 1267–69. Because the Redwood Act was intended to benefit persons "thrown out of work" as a result of the park's expansion, 124 Cong.Rec. 7799 (March 21, 1978), it is illogical to equate the term "layoff" with the term "unemployed," as petitioner would have us do. Furthermore, section 1332 of the California Unemployment Insurance Code was intended to enable the EDD to correct errors in eligibility determinations made by interviewers, *see Miranda v. California Unemployment Insurance Appeals Board,* 36 Cal.App.3d 213, 218–20, 111 Cal.Rptr. 419, 422–23 (1973), rather than to paralyze the agency in its attempts to correct its erroneous interpretations of the law.

Holt was never eligible for benefits under the Redwood Act. "The EDD's initial determination of eligibility should not give him a vested right to the perpetuation of its error." *Demarinis,* 728 F.2d at 1269 (Farris, J., dissenting).