John William Cumming, Eureka, Cal., for petitioner.

Donald D. Carter and Ramiro Salazar, U.S. Dept. of Labor, Washington, D.C., for respondent.

**Rama D. SANDERS, Petitioner,**

v.

**Raymond J. DONOVAN, Secretary of Labor, Respondent.**

**No. 84-7369.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1985.

Decided April 7, 1986.

Before WALLACE, SKOPIL, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

Petitioner Rama Sanders seeks review of the decision of the Secretary of Labor finding her ineligible for benefits under the Redwood Employee Protection Program ("REPP"), Title II, Redwood National Park Expansion Act of 1978 ("Redwood Act"), Pub.L. No. 95-250, §§ 201–213, 92 Stat.

163, 172–82. REPP provides economic assistance to offset the local adverse economic effects of expansion of the Redwood National Park. For a more thorough discussion of Redwood Act programs and benefits, see *Lanning v. Marshall*, 650 F.2d 1055, 1056–57 (9th Cir.1981). This court has jurisdiction to review this petition pursuant to Redwood Act § 103(h), 16 U.S.C. § 79*l* (h).

Rama Sanders was employed by Arcata Redwood Company, an employer covered by the Act as an "affected employer." Redwood Act § 201(7).[1] She quit her job on September 11, 1978, after an argument with her supervisor. There is no indication in this record that her resignation had anything to do with the Redwood Park expansion or with any other circumstances that suggests unavailability of work. Her leaving appears to have been for wholly personal reasons. Sanders applied for layoff benefits pursuant to Redwood Act § 205(b), which establishes eligibility requirements for "affected employee[s]." Section 201(11) defines "affected employee:"

(11) "affected employee" means a covered employee who is either totally or partially laid off by an affected employer within a time period beginning on or after May 31, 1977, and ending September 30, 1980, unless extended, as provided in section 203, or is determined by the Secretary to be adversely affected by the expansion of the Redwood National Park. ...

In addition, section 203 provides that the period from May 31, 1977 to September 30, 1980, is a "window period," during which total or partial layoffs of covered employees are conclusively presumed to be attributable to Park expansion. Thus, to qualify for benefits, an employee must have been "laid off" during the window period or must demonstrate that he or she was adversely affected by the expansion of the Park.

The question we must decide in this case is whether the Secretary properly determined that an employee who quit her job for personal reasons during the window period is not an affected employee and therefore is not entitled to layoff benefits. Our previous decisions have not decided this issue.

In earlier cases, we have considered related issues. In *Demarinis v. Donovan*, 728 F.2d 1266 (9th Cir.1984), and *Holt v. Donovan*, 757 F.2d 1045 (9th Cir.1985), we reviewed the petitions of employees who, like Sanders in this case, left their employment with an affected employer during the window period. In those cases, however, unlike this case, the Secretary originally had determined that the petitioners were eligible for benefits. We held in those cases that the applicable statutes did not permit the Secretary to reconsider those determinations of eligibility.

In *Cavender v. Donovan*, 752 F.2d 1376 (9th Cir.1985), we upheld the Secretary's determination that an employee who voluntarily quit affected employment was not entitled to benefits where the resignation was for wholly personal reasons not related to the expansion of the Park. In that case, unlike this case, the employee quit after the window period.

In arguing for the reversal of the Secretary's decision in this case, the petitioner relies on § 205(b)(2), which provides that "An affected employee shall be eligible ... for layoff ... benefits, ... if ... said employee ... (2) is eligible for unemployment compensation benefits under the California Unemployment Insurance Code...." Petitioner contends that she is eligible for layoff benefits if she meets the eligibility requirements for California unemployment insurance. Since Sanders was found to be eligible for California benefits, she argues that she is eligible for Redwood Act benefits as well.

Meeting the eligibility standards for California unemployment benefits, however, is only one of the eligibility requirements for Redwood Act benefits. Redwood Act

---

**1.** Section 201(7) provides:
"affected woods employer" means an affected employer engaged in the harvest of redwood timber who owns at least 3 per centum of the number of acres authorized to be included within the expansion area....

**922**

§ 205(b)(2) also requires that the employee be an "affected employee" as defined in section 201(11). To be an affected employee, the employee must have been "laid off" during the window period, or must demonstrate that she was in fact adversely affected by Park expansion. Because Sanders' resignation was not attributable to expansion, Sanders must show that she was "totally or partially laid off" during the window period.

There is nothing to indicate that Congress intended to equate the term "laid off" with California state unemployment benefits eligibility. The California statute does not use the term "laid off" in its eligibility criteria. *See* Cal.Unemp.Ins. Code §§ 1252, 1256. The common meaning of "layoff" is a termination of employment at the employer's will. *Black's Law Dictionary* 799 (5th ed. 1979); *Dictionary of Personnel and Industrial Relations* 283 (1958). A voluntary resignation is not within that meaning.

What little definitional guidance there is in the Redwood Act itself indicates that Congress intended the term "laid off" to refer to employees affected, at least indirectly, by some unavailability of work. Section 201(12), which distinguishes total layoffs from partial layoffs, provides in part:

> "[T]otal layoff" means a calendar week during which affected employers have made no work available to a covered employee and made no payment to said covered employee for time not worked, and "partial layoff" means a calendar week for which all pay received by a covered employee from affected employers is at least 10 per centum less than the layoff or vacation replacement benefit that would have been payable for that week had said covered employee suffered a total layoff....

There is nothing in the statute or its history indicating that Congress intended to compensate employees who voluntarily resign. Nor is there anything in this record to indicate that Sanders' resignation had anything to do with reduced availability of work.

The term "layoff" should not be given an excessively literal interpretation contrary to the compensatory purpose of the Act. *See Kirby v. Donovan,* 727 F.2d 869, 872 (9th Cir.1984); *Barnes v. Donovan,* 720 F.2d 1111, 1114 (9th Cir.1983). We hold, however, that a voluntary resignation, for wholly personal reasons, does not qualify the petitioner for layoff benefits under the REPP.

Affirmed.