Curtis W. HOLT, Petitioner,

v.

Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

No. 82–7745.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided June 2, 1986.

David S. Krueger, Warren R. Jensen, Esq. Stokes, Steeves, Warren & Jensen, Arcata, Cal., for petitioner.

Barbara J. Johnson, U.S. Dept. of Justice, Washington, D.C., for respondent.

Before KENNEDY and REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

PER CURIAM:

We originally ordered judgment for petitioner Holt, holding that the California Employment Development Department (EDD) could not reconsider his application for benefits under Title II of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–82 (Redwood Act). We held that 29 C.F.R. § 92.50(c) (reconsideration of a Redwood benefit application is subject to time limits applicable to reconsideration of state unemployment benefits) and California Unemployment Insurance Code section 1332(a) (West 1986) (providing a twenty-day period for reconsideration where no appeal taken) barred such reconsideration as untimely. *Holt v. Donovan,* 757 F.2d 1045 (9th Cir. 1985) (per curiam). Our decision was compelled by *Demarinis v. Donovan,* 728 F.2d 1266 (9th Cir.1984). The panel in *Demarinis* has now granted a petition for rehearing and vacated its judgment. *See Demar-*

*inis v. Donovan,* 790 F.2d 1419, Order Granting Petition for Rehearing (9th Cir. 1986). Accordingly, we grant the Secretary's petition for rehearing. We withdraw our earlier opinion and affirm the Secretary's determination that when Holt voluntarily quit his job for cause he was not "laid off" within the meaning of the Redwood Act.

■ Section 1332(a) of the California Unemployment Insurance Code does not bar prospective redetermination of Holt's claim for benefits. Section 1332 is intended to expedite prompt payment or denial of benefits. *See also* Cal.Unemp.Ins.Code § 1326 (West 1986). The section permits the EDD to correct within a reasonable time erroneous eligibility determinations by interviewers. *See Miranda v. California Unemployment Insurance Appeals Board,* 36 Cal.App.3d 213, 218–20, 111 Cal.Rptr. 419, 422–23 (1973). It was not intended, however, to paralyze agency efforts to correct its own erroneous interpretations of the law. In fact, state regulations implementing California Unemployment Insurance Code section 1326 (West 1986) require periodic reviews of a recipient's eligibility, *see* Cal.Admin.Code tit. 22, R. 1326–1(b)(4) (1982), and permit EDD to terminate benefits to recipients found ineligible, *see* Cal. Admin.Code tit. 22, R. 1326–1(b)(5) (1982), after observing the requirements of due process. Our conclusion that section 1332 does not bar prospective reconsideration of Holt's claim is in accord with that now reached in *Demarinis. See Demarinis,* Order Granting Petition for Rehearing.

■ Because the Secretary did not find Holt to be "adversely affected" by the expansion of Redwood National Park, his eligibility turns on whether he was "laid off" within the meaning of the Redwood Act when he voluntarily quit his job. *See* Redwood Act § 201(11). A voluntary leaving of employment, absent evidence that the employee was forced to resign because of a shrinking availability of work, does not

---

* Honorable Walter E. Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

constitute a layoff. *See Sanders v. Donovan,* 786 F.2d 920, 922 (9th Cir.1986). Because Holt offers no evidence that his resignation due to stress was related to any unavailability of work, he does not qualify for layoff benefits under the Redwood Act.

The fact that Holt quit "for cause" so as to render him eligible for state unemployment benefits does not compel a different result. Eligibility for state unemployment benefits does not automatically entitle him to Redwood Act benefits. *Sanders,* at 922; *see Cavender v. Donovan,* 752 F.2d 1376, 1377 (9th Cir.1985).

Accordingly, the petition for rehearing is GRANTED, and the Secretary's determination is AFFIRMED.

REINHARDT, Circuit Judge, dissenting:

I dissent for the reasons set forth in the opinion originally filed in *DeMarinis v. Donovan,* 728 F.2d 1266 (9th Cir.1984).