Emma L. DAVID, Petitioner,

v.

Honorable Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Respondent.

No. 82–7202.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 12, 1983.

Decided Feb. 10, 1983.

John Cumming, Eureka, Cal., for petitioner.

Stanford Dubin, Helen Boetticher, Washington, D.C., for respondent.

Before WRIGHT and CHOY, Circuit Judges, and JAMESON,* Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

This is a challenge to the Assistant Secretary of Labor's decision that appellant David is ineligible for benefits as an adversely affected woods employee, under the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, 92 Stat. 163 [Redwood Act]. The parties disagreed in their interpretation of Labor Regulation 92.15, 29 C.F.R. § 92.15 (1980), under which appellant seeks benefits. We must decide which interpretation of that regulation should be applied.

FACTS

Emma David worked for Simpson Timber until her layoff on April 30, 1981. Her job involved processing scaling tickets, documents that her employer used to provide measurements and processing instructions for large first-growth redwood logs.

When the Redwood National Park was expanded by Congress, Simpson Timber lost a large amount of timberland and first-

* Of the District of Montana.

growth redwood. As a result, its processing shifted from primarily first-growth to primarily second-growth logs. Soon it changed its log-accounting system to process efficiently the smaller second-growth logs. The new system eliminated appellant's job. The parties agree that the Park expansion was a factor in the employer's decision to change its log-accounting procedure.

## I. *The Redwood Act and Labor Regulation 92.15*

The Redwood Act provides for compensation of workers adversely affected by the Redwood National Park expansion. Redwood Act § 203. Simpson Timber has been deemed an affected woods employer under the Act, so its employees may be eligible for the benefits provided.

Worker layoffs by affected employers between May 31, 1977 and September 30, 1980 are conclusively presumed to have been caused by the Park expansion. Redwood Act §§ 201(11), 203. However, a worker laid off between October 1, 1980 and September 30, 1984, as was appellant, is covered only if the Secretary of Labor determines that he or she was adversely affected by the Park expansion. *Id.* at § 201(11).

The Secretary issued Regulation 92.15, which provides that a worker within the latter category

>  (a) ... shall be deemed to be an affected employee if such layoff occurred under one of the following circumstances:

>  .    .    .    .    .

>  (3) The covered employee was laid off by an affected employer under circumstances related to the Park expansion.

>  (b) ... [but] shall not be deemed an affected employee if such layoff occurred under one of the following circumstances:

>  .    .    .    .    .

>  (2) Any other reason related to the Park expansion.

29 C.F.R. § 92.15 (1980).

That regulation was issued in accordance with the notice and comment requirements of the Administrative Procedure Act. 5

U.S.C. § 553 and published in the Federal Register on June 19, 1981. Because it was issued in the reasonable exercise of delegated authority, *Chrysler Corp. v. Brown,* 441 U.S. 281, 301–08, 99 S.Ct. 1705, 1717–20, 60 L.Ed.2d 208 (1979), and pursuant to the proper procedure, it is a valid legislative rule having the force of law on courts and the Secretary of Labor. *Batterton v. Francis,* 432 U.S. 416, 425 n. 9, 97 S.Ct. 2399, 2405 n. 9, 53 L.Ed.2d 448 (1977); *Service v. Dulles,* 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957).

## II. *Conflicting Interpretations of Regulation 92.15*

The Secretary contends that Regulation 92.15, correctly interpreted, requires the employee applying for benefits to prove that the primary cause of the layoff was the Redwood Park expansion.

The deference due that agency interpretation normally would depend on a variety of factors including the thoroughness of the agency's consideration, the validity of its reasoning, and the consistency of its position over time. *General Electric Co. v. Gilbert,* 429 U.S. 125, 141–42, 97 S.Ct. 401, 410–11, 50 L.Ed.2d 343 (1976); *Skidmore v. Swift & Co.,* 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944).

However, Title II of the Redwood Act instructs the Secretary to adopt reasonable constructions of the Act that are the more favorable to employees. Redwood Act § 213(f). The Ninth Circuit has adopted the position that "[i]f there are two reasonable interpretations of language in Title II, we review to determine whether the Secretary had adopted the one [more] favorable to the employees as a class." *Drapich v. Donovan,* 693 F.2d 1296 at 1298 n. 3 (9th Cir.1982); *Lanning v. Marshall,* 650 F.2d 1055 (9th Cir.1981).

■ Although the interpretation of the regulation at issue here is not "of language in Title II," the regulation was issued pursuant to delegated legislative authority under that Title, and has the force of law. We conclude that Congress' specific man-

 

date to construe broadly the language of Title II for the benefit of employees applies equally to legislative rules issued pursuant to Title II.

█ The appellant contends that under Regulation 92.15 covered employees laid off after September 30, 1980 are eligible for benefits if the layoff was related to the Redwood Park expansion, regardless of whether the Park expansion was the primary cause of the layoff.

The regulation language, "laid off ... under circumstances related to the Park expansion," 29 C.F.R. § 92.15(a)(3), does not indicate that the Park expansion must be the primary cause of the layoff. Legally and in common usage, the term "related" is defined as having an undetermined relationship, connection, or association. *Black's Law Dictionary* 1158 (5th ed. 1979); *The American Heritage Dictionary* 1097 (New college ed. 1980). Appellant's interpretation is reasonable.

The appellant has not argued that a speculative or trifling relationship between the Park expansion and an employee's layoff would sustain a finding of eligibility, nor do we so hold.[1] We conclude that a covered employee must establish only that his or her layoff was significantly related to the Park expansion to be eligible for Redwood Act benefits under Regulation 92.15. Because the Assistant Secretary's decision that the appellant was ineligible was based on her failure to establish that the primary cause of her layoff was the Park expansion, we set aside that decision.

The appellant's application for benefits was reviewed by an Administrative Law Judge, who held:

There is no doubt that the claimant's layoff was related to the expansion of the park. The employer would have continued to handle primary growth timber and the claimant would have continued to be employed processing scaling tickets if the park had not been expanded.

He concluded that the appellant was eligible for Redwood Act benefits.

The Assistant Secretary's decision is reversed. David is eligible to receive benefits.

---

1. Such a holding would conflict with the Congressional intent of the Redwood Act to provide benefits for "directly affected" industry employees. H.R.Rep. No. 581, Part I, 95th Cong., 2d Sess. 28, *reprinted in* 1978 U.S.Code Cong. & Ad.News 463, 474. *See Lanning v. Marshall,* 650 F.2d 1055, 1058 (9th Cir.1981)

("Congress did not intend to compensate every economic loss associated with expansion of Redwood National Park.") Provision of benefits to an employee whose layoff has a mere *de minimis* relation to Park expansion would thus be inconsistent with the Act.