**Karl E. LUEDEMANN, Petitioner,**

v.

**Hon. Raymond J. DONOVAN, Secretary of Labor United States Dept. of Labor, Respondent.**

No. 82–7735.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1983.

Decided Jan. 31, 1984.

Timothy P. Cissna, Eureka, Cal., David S. Krueger, Stokes, Steeves, Warren & Jensen, Arcata, Cal., for petitioner.

Samuel F. Wright, Helene Boetticher, Dennis A. Paquette (argued), Washington, D.C., for respondent.

Before KENNEDY, REINHARDT, Circuit Judges, and HOFFMAN,* District Judge.

REINHARDT, Circuit Judge:

Petitioner Karl E. Luedemann seeks review of a decision by the Assistant Secretary of Labor denying him weekly layoff benefits that are available to displaced "long service" lumber industry workers under Title II of the Redwood National Park Expansion Act (Redwood Act), Pub.L. No. 95–250, 92 Stat. 163 (1978).[1] We hold that the Assistant Secretary applied incorrect standards in determining that petitioner was not eligible for the benefits and reverse his decision. In doing so, we reject his conclusions that petitioner was not an "affected employee" and not a "long service employee."

From May 25, 1976 until his layoff on December 17, 1980, petitioner was employed by Louisiana Pacific Corporation. After being laid off from his employment as a truck driver transporting redwood bark, Luedemann applied for weekly layoff benefits under Title II of the Redwood Act. Title II authorizes the payment of weekly layoff benefits to "long service employees" who worked for an "affected employer" and who are "adversely affected" by the Redwood National Park expansion. See Redwood Act §§ 201(11), 208, 209. Because Louisiana Pacific Corporation was determined by the Secretary to be an affected employer under the Act, see 29 C.F.R. § 92.8(b) (1983), its laid off employees are eligible for benefits, see Redwood Act § 204. An Administrative Law Judge determined that the petitioner was eligible for weekly layoff benefits available to long service employees. The Assistant Secretary, however, reversed that decision. We review his actions under 16 U.S.C. § 79l(h) (1982).

## I

Because the petitioner was laid off after October 1, 1980, he is eligible for Redwood Act benefits only if the Secretary determines that he was "adversely affected" by the park expansion. See Redwood Act § 201(11).[2] Under 29 C.F.R. § 92.15(a)(3) (1983), an employee laid off after October 1, 1980 is an "affected employee" if he or she "was laid off by an affected employer under circumstances related to the Park expansion."

We have recently interpreted the same regulation. In *David v. Donovan*, 698 F.2d 1057, 1059 (9th Cir.1983), we rejected the Secretary's claim that the park expansion must be the "primary cause" of a layoff and held that "a covered employee must establish only that his or her layoff was *significantly related* to the Park expansion to be eligible for Redwood Act benefits under" 29 C.F.R. § 92.15. (emphasis add-

---

* Honorable Walter Edward Hoffman, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.

1. Title II of the Redwood Act is not codified.

2. Layoffs of employees by affected employers between May 31, 1977 and September 30, 1980 are conclusively presumed to have been caused by the park expansion. Redwood Act § 203.

ed). Here, the Assistant Secretary, as in *David,* required the petitioner to prove by a preponderance of evidence that the "primary cause" of his layoff was the park expansion. Instead, he should only have required the petitioner to establish that his layoff was "significantly related" to park expansion. Thus, the Assistant Secretary applied an incorrect, and overly restrictive, standard.

■ In *David,* we "set aside" the Assistant Secretary's decision and "reversed," holding that the petitioner was entitled to benefits under the "significantly related" standard. We did so on the basis of the Administrative Law Judge's finding that "[t]here is no doubt that the claimant's layoff was related to the expansion of the park." *Id.* at 1059. Here, the Administrative Law Judge made an identical finding. The Secretary does not contend that petitioner fails to meet the *David* test. Accordingly, we hold that petitioner is an "affected employee."

## II

The Assistant Secretary also denied the petitioner the benefits he sought on the ground that he was not a "long service employee." Long service employees are defined as employees who will reach age sixty before October 1, 1984, Redwood Act § 209(a)(1), and who "have service credit for pension purposes of at least five full years under a pension plan contributed to by industry employers," Redwood Act § 209(a)(2).[3]

The issue is whether petitioner met the requirements of section 209(a)(2). Petitioner contends that he qualifies for long service benefits because he worked the number of hours that is equivalent to five years of service under the statute. Section 201(16), in relevant part, provides that one month of continuous service is equal to the sum of all hours of "performed work for said employer plus all hours for which the employee received pay for time not worked," divided by 173. Based on that formula, the petitioner has worked the equivalent of over sixty months, or over five years. *See* 29 C.F.R. § 92.9(c) (1983). The Assistant Secretary denied the petitioner's claim because he had not accumulated five years of service credit for pension purposes, as the literal language of the statute required.

■ Section 213(f) of the Redwood Act requires that:

> In all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title.

In reviewing the Secretary's interpretation of section 209(a)(2), we must determine whether there are two or more reasonable interpretations of that section, and, if so, whether the Secretary has adopted the one most favorable to employees as a class. *See, e.g., David v. Donovan,* 698 F.2d 1057, 1058 (9th Cir.1983); *Drapich v. Donovan,* 693 F.2d 1296, 1298 n. 3 (9th Cir.1982); *Lanning v. Marshall,* 650 F.2d 1055, 1057–58 n. 4 (9th Cir.1981).

In determining that a claimant was eligible for long service benefits, the Assistant Secretary previously has rejected a literal interpretation of section 209(a)(2). Read literally, that section would require an employee to accumulate five years of credit under a pension plan regardless of the amount of time actually worked. In *In re William Puryear,* SF–REPP–18402 (1979), the Assistant Secretary rejected the statutory pension credit requirement and instead looked solely to the formula based on hours worked that is set forth in section 201(16).

---

**3.** Conversely, short service employees are employees who will not reach age sixty before October 1, 1984, or who do not have five years of pension service credit at the time of their layoff. *See* Redwood Act § 209(a)(1) and (2). While long service employees, who are laid off, are eligible to receive layoff benefits, *see* Redwood Act §§ 204–208, short service employees who meet certain qualifications are only eligible to receive severance pay, *see* Redwood Act § 209.

In *Puryear,* after calculating the total hours worked, the Secretary concluded that the claimant had worked the equivalent of "five full years" of employment, even though he had not accumulated the pension credits called for by the statute. In reaching his decision the Assistant Secretary did not rely on the fact that the claimant had worked for five calendar years; rather, the Secretary based his decision solely on the fact that the employee had worked the requisite numbers of hours under section 201(16).

 Here, the Secretary conceded in oral argument that it is possible to satisfy the "five full years" requirement under section 209(a)(2) in less than five calendar years. Given that concession, we conclude that a test requiring only that the number of hours worked be equivalent to "five full years" under section 201(16) is a reasonable interpretation of section 209(a)(2) and is also one that is more favorable to employees as a class. We find no necessity under the statute for the employee to have performed the work over a period of five calendar years. We note that even under the literal language of the statute, requiring five full years of pension credits, there is no prohibition against accruing the necessary pension credits in a period of less than five calendar years. The only question would appear to be whether the particular pension plan permits such accrual. Our conclusion is buttressed by the fact that a contrary interpretation of section 209(a)(2) would deny benefits to an employee who had worked the same total number of hours as other employees who received benefits, simply because the other employees had spread their working hours over a slightly longer period of time.

The Secretary apparently would apply the *Puryear* rule only to employees who were not covered by a pension plan and therefore did not earn pension credits during all or a part of the time they worked. *Puryear* protects such employees against discriminatory treatment. However, the failure to afford the benefits of *Puryear* to employees who *were* covered by pension plans would be equally discriminatory, since in some cases they would not qualify for long service benefits even though they performed the identical service that qualifying non-covered employees performed.

 Because petitioner worked the number of hours that under the statute is the equivalent to five years service, he qualifies for long service benefits and is eligible for weekly layoff benefits. Accordingly, we reverse the Assistant Secretary's decision on this issue as well.

## CONCLUSION

We conclude that the petitioner is an affected employee and is eligible to receive weekly layoff benefits as a long service employee under section 209 of the Redwood Act. Therefore, the decision of the Assistant Secretary denying petitioner such benefits is

REVERSED.