Harry C. KIRBY, Paul L. Henry, Gary Blickenstaff and Robert B. Blachly, and Francis J. Parker and Dennis L. Emmons, Petitioners,

v.

Raymond J. DONOVAN, Secretary of Labor, Respondent.

Nos. 83–7238, 83–7239, 83–7336 and 83–7488.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1983.

Decided March 6, 1984.

As modified on Denial of Rehearing May 3, 1984.

John William Cumming, Eureka, Cal., for petitioners.

Sally E. Mathiasen, Dept. of Labor, Washington, D.C., for respondent.

Before MERRILL, Senior Circuit Judge, BOOCHEVER, Circuit Judge, and WYZANSKI,* Senior District Judge.

BOOCHEVER, Circuit Judge:

This is a consolidated petition for review involving the claims of six employees denied benefits under the Redwood Employee Protection Program (REPP), enacted by Congress as part of the Redwood National Park Expansion Act, Pub.L. 95–250, 92 Stat. 163 (1978) (the Redwood Act). In each case the employee was receiving workers' compensation temporary total disability benefits but was released by his doctor for light duty work. The employer, Simpson Timber Company, refused reemployment until the claimant was released for full duty. The Secretary of Labor held the employees ineligible for REPP benefits. We reverse and remand to the Secretary for consideration of whether the refusal to reemploy was a change from the employer's personnel practices prior to the Redwood Act.[1]

## DISCUSSION

Section 205(b) of the Act provides that:

An affected employee shall be eligible ... for layoff ... benefits, as defined herein, ... for each week of total or partial layoff, if with respect to said

---

* Honorable Charles Edward Wyzanski, Jr., Senior United States District Judge for the District of Massachusetts, sitting by designation.

1. The employees move to strike the Secretary's references in his brief to various decisions by administrative law judges in REPP cases. We find it unnecessary to rule on the propriety of these references, because we in no way rely on this material in reaching our decision.

week, said employee—... (2) is eligible for unemployment compensation benefits under the California Unemployment Insurance Code ....

Thus, to be entitled to benefits, the employees must have met the eligibility requirements for California unemployment benefits, and additionally been on layoff for purposes of the Act.

In making those determinations we are mindful of the requirements of Section 213(f) of the Redwood Act which provides that:

In all cases where two or more constructions of the language of this title would be reasonable, the Secretary shall adopt and apply that construction which is most favorable to employees. The Secretary shall avoid inequities adverse to employees that otherwise would arise from an unduly literal interpretation of the language of this title.

By virtue of this section we "must determine whether there are two or more reasonable interpretations, and, if so, whether the Secretary has adopted the interpretation most favorable to employees." *Hoehn v. Donovan,* 711 F.2d 899, 900 (9th Cir.1983).

*I. Eligibility for Unemployment Benefits*

▮ Pursuant to the relevant criteria of the California statute, the employees were eligible for California benefits if they were "able to work and available for work." Cal. Unemp.Ins.Code § 1253(c). The Secretary held that the employees were ineligible for the period they were limited to light duty work, because they were not "able and available" within the meaning of the California statute.

The California Supreme Court has stated that:

"Availability for work" within the meaning of section 1253, subdivision (c), requires no more than (1) that an individual claimant be willing to accept suitable work which he has no good cause for refusing and (2) that the claimant thereby make himself available to a *substantial field* of employment.

*Sanchez v. Unemployment Ins. Appeals Board,* 20 Cal.3d 55, 67, 141 Cal.Rptr. 146, 154, 569 P.2d 740, 748 (1977) (footnotes omitted, emphasis added); *see also Glick v. Unemployment Ins. Appeals Board,* 23 Cal.3d 493, 153 Cal.Rptr. 1, 591 P.2d 24 (1979). Several decisions by the California Unemployment Insurance Appeals Board are cited by the parties with respect to this issue. *See In Re Dahl,* Precedent Benefit Decision No. P–B–172 (1976) (claimant restricted to working five hours per day "able and available"); *In Re Collins,* Precedent Benefit Decision No. P–B–225 (1976) (claimant with lifting restriction and nervous condition who had made "very limited" search for work not "able and available"); *In Re Joergensen,* Precedent Benefit Decision No. P–B–178 (1976) (claimant with handicaps so extensive re-employment would require agency-employer cooperation not "able and available"). These decisions appear largely fact dependent, and the primary inquiry remains whether the employees met the criteria set down by *Sanchez.*

In each of the cases before us an administrative law judge of the California Unemployment Insurance Appeals Board found the claimant to be "able and available" for work under the California law. The California administrative law judges have expertise in construing the California Act. We find no error in their conclusions.

The Secretary contends that, even if the employees met the "able and available" criteria of the California statute, they did not meet the "able and available" criteria stated by section 201(12) of the Act in defining "layoff" with respect to employees who have been receiving workers' compensation. Section 213(f) of the Act requires the Secretary to adopt that construction of the Act most favorable to employees where two or more constructions are reasonable. Because, based on the California Supreme Court's pronouncement in *Sanchez,* we have concluded that the parallel language of the California statute may cover employees released for light duty work, an analogous interpretation of the Redwood Act's language is reasonable.

We hold that the employees were qualified for California Unemployment benefits.

We now must focus on whether they were on "layoff" status.

## II. Layoff

Section 201(12) of the Act provides that: "total layoff" means a calendar week during which affected employers have made no work available to a covered employee and made no payment to said covered employee for time not worked, and "partial layoff" means a calendar week for which all pay received by a covered employee from affected employers is at least 10 per centum less than the layoff or vacation replacement benefit that would have been payable for that week had said covered employee suffered a total layoff: *Provided,* That the terms "total layoff" and "partial layoff" shall also apply to a covered employee who had received any workers' compensation benefits or unemployment compensation disability benefits after said covered employee becomes able to work and available for work and is otherwise within the meaning of total layoff and partial layoff as defined in this paragraph . . . .

The Secretary asserts that the term layoff connotes an employer-initiated separation from employment and that these employees were off work because of their own disability. The Secretary also contends that inclusion in the statutory definition of "layoff" of employees who "had" been receiving workers' compensation benefits by implication negates inclusion of employees still receiving such benefits.

█ In deciding whether the employees' situation falls within the meaning of the statutory term "layoff" we look to the congressional purpose of the statute as well as its language. *Donovan v. Southern California Gas Co.,* 715 F.2d 1405, 1408 (9th Cir. 1983). Provision of REPP benefits was clearly intended to mitigate the effects of park expansion upon employees in local forest products industries. *See* H.R.Rep. No. 95–581, 95th Cong., 2d Sess. (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 463, 474. Meaning of the term layoff must be considered in light of this purpose, and the parties "may not resort to an unduly literal interpretation of the definition of 'layoff' to eviscerate the clear intent of Congress." *See Barnes v. Donovan,* 720 F.2d 1111, 1114 (9th Cir.1983).

█ The Act was not intended to provide an alternative form of disability compensation. An employee off work solely because of disability is generally not entitled to REPP benefits. A different situation arises, however, where an affected employee's unemployment is due to reasons other than disability. If an employer's usual practice is to allow employees released for light work to return to work, but after the Act became effective it failed to provide work to such employees, those employees reasonably can be construed to have been on layoff. We are not imposing a duty on the employer to create a new temporary light-work job for a worker not yet fully recovered. The question is whether the employer has already assumed that duty as a regular employment practice so that a right to temporary assignment of light duty to a worker on the road to recovery might be said to fall within the parameters of the job formerly held by him. In such a case, the reason for the employer's refusal to provide work to the disabled employees is irrelevant if the refusal occurred from May 31, 1977 through September 30, 1980 (the "Window period"), because section 203 conclusively presumes the layoff to be attributable to park expansion. If the layoff occurred after the Window period, the Secretary must determine whether the layoff was "significantly related" to park expansion unless the employee suffered a prior qualifying layoff during the Window period. See *Luedemann v. Donovan,* 724 F.2d 1371 at 1372–73 (9th Cir.1984); *Local 3-98, International Woodworkers of America v. Donovan,* 713 F.2d 436 (9th Cir.1983).

█ It is unclear whether these employees were off work because of disability. Some evidence in the record indicates that, prior to 1978, Simpson Timber allowed at least some employees to return to work when released by their doctors for light duty after on the job injuries. We are unable to determine, however, whether Simpson Timber's past actions evidenced a general personnel practice, or were merely

isolated incidents contrary to Simpson Timber's usual policy. In addition, assuming that Simpson Timber's actions did constitute an employment practice, the Secretary has failed to determine whether Simpson Timber's refusal to provide such work after September 30, 1980 was significantly related to park expansion in the cases of any employees who did not experience a prior qualifying layoff during the window period. The Secretary did not address these pivotal issues in his opinions, and the parties largely focused on other issues in the case. Accordingly we find it necessary to remand to the Secretary for taking of further evidence on Simpson Timber's employment policies.[2] *See* 16 U.S.C. § 79*l* (h); 19 U.S.C. § 2395(b).

The decision of the Secretary is reversed and the case is remanded.

REVERSED and REMANDED.

---

**2.** We do not have before us and do not decide the issue of whether, should the employees be entitled to REPP benefits, their benefits must be reduced by the amount of workers' compensation benefits received for the same period.