**Carlous R. BAUM, Petitioner,**

v.

**William E. BROCK, Secretary of Labor, Respondent.**

**No. 85–7237.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1985.

Decided April 7, 1986.

John William Cumming, Eureka, Cal., for petitioner.

Dennis A. Paquette, Stanford Dubin, Dept. of Labor, Washington, D.C., for respondent.

Before WALLACE, SKOPIL, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge.

Carlous Baum seeks review of a decision of the Secretary of Labor finding him ineligible for severance benefits under the Redwood Employee Protection Program ("REPP"), Title II, Redwood National Park Expansion Act of 1978 ("Redwood Act"), Pub.L. No. 95–250, §§ 201–213, 92 Stat. 163, 172–83. This court has jurisdiction to review this petition pursuant to section 103(h) of the Redwood Act, 16 U.S.C. § 79*l* (h).

---

The requirements for severance benefits are established in section 208 of the Redwood Act, which provides:

>(a) An affected employee ... shall be paid severance pay ... if said employee:

>(1) has been on a continuous layoff from employment with the employee's last affected employer for a period of at least twenty weeks ...;

>(2) has no definite recall date for work with the affected employer by whom the employee was laid off and no offer of suitable work by any affected employer;

>(3) applies for severance pay during a week with respect to which said employee has not performed work for an affected employer.... ·

Baum worked for Louisiana Pacific, an affected employer, for almost twenty years. He was laid off due to a reduction in force on May 23, 1980. He found no new work and began a REPP retraining program.

On Monday, June 13, 1983, Baum completed a severance benefits application to receive REPP severance benefits. Two days later, on Wednesday, June 15, Louisiana Pacific offered Baum a position. He accepted the position immediately and began work the following Monday, June 20, 1983.

Thus, Baum was on continuous layoff for more than 20 weeks and applied for severance benefits during a week in which he performed no work for an affected employer. There is no question that Baum has satisfied the requirements of subsections (1) and (3). Because Baum had no recall date or firm offer of employment at the time he filed his application, he would appear to have satisfied the requirement of subsection (2) as well.

The Secretary, however, denied benefits. The Secretary held that because Baum had received an offer of employment within the same week that he applied for severance benefits, he was ineligible for benefits. The Secretary thus interpreted subsection (2) to require that, during the week in which the application is made, the applicant have no outstanding offer of work.

The difficulty with this interpretation is that subsection (2) does not refer to the week in which the application is made. Subsection (3), relating to performance of work, does contain such a reference and clearly creates a condition which must exist during the entire week of the application; subsection (2), relating to job offers, does not.

In its argument on appeal, the government took a different position than it took in the administrative proceedings. On appeal, the government has contended that the applicant is ineligible under subsection (2) if he receives an offer at any time before the application is processed and a benefit actually paid. This construction is not supported by the language of subsection (2). It would, moreover, encourage the Secretary to delay processing applications and discourage applicants from looking for work. It is not reasonably related to the compensatory aims of the statute. *See, e.g., Kirby v. Donovan,* 727 F.2d 869, 872 (9th Cir.1984) (purpose of Act is "to mitigate the effects of park expansion upon employees"); *Lanning v. Marshall,* 650 F.2d 1055, 1056 (9th Cir.1981) (REPP ensures that employees would not suffer personal hardship from park expansion).

The petitioner's interpretation is that so long as the employee has had no offer of work at the time that he files his application for benefits, the requirement of subsection (2) is satisfied. That interpretation is a reasonable construction of the statute. When two or more reasonable constructions of the Redwood Act exist, we must adopt the interpretation which is most favorable to the employees. Redwood Act § 213(f); *see also David v. Donovan,* 698 F.2d 1057, 1058 (9th Cir.1983). Because Baum had no offer of employment when he filed his application, he satisfied the requirement of section 208(a)(2).

The petitioner therefore is entitled to REPP benefits under section 208 of the Redwood Act. The decision of the Secretary is reversed.