**John MAHAN, Petitioner,**

v.

**William E. BROCK, Secretary of Labor, Respondent.**

No. 86–7345.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 1987.

Decided June 5, 1987.

John W. Cumming, Eureka, Cal., for petitioner.

Donald D. Carter, Jr., Washington, D.C., for respondent.

Before CANBY and NORRIS, Circuit Judges, and DIMMICK,* District Judge.

DIMMICK, District Judge:

John Mahan seeks review and reversal of a decision by the Deputy Under Secretary of Labor that Mahan is ineligible for severance benefits under the Redwood Employee Protection Program ("REPP") enacted by Congress as part of the Redwood National Park Expansion Act of 1978, Pub.L. No. 95–250, 92 Stat. 163 (the "Redwood Act"). The Deputy Under Secretary held that Mahan was ineligible for REPP severance benefits because work was available with Mahan's employer, Louisiana-Pacific Corporation, which Mahan was unable to perform solely because of a disability and not because of a layoff as required by sections 208(a) and 201(12) of the Redwood Act. For the reasons set out below, we affirm.

Mahan injured his back while working as a roundsaw filer at Louisiana-Pacific in January 1982. Mahan attempted to resume working shortly after his back injury, but pain and physical limitations prevented him from performing even sedentary work. Mahan was eventually declared permanently and totally disabled by the Social Security Administration. In addition to Social Security benefits, Mahan receives permanent worker's compensation disability benefits and a disability retirement pension from a joint employer-union trust.

## DISCUSSION

■ The purpose of the Redwood Act is to provide economic assistance to employees in forest products industries affected by the expansion of the Redwood National Park. *Brooks v. Donovan,* 699 F.2d 1010

(9th Cir.1983); *Lanning v. Marshall,* 650 F.2d 1055, 1056 (9th Cir.1981). Workers covered by the REPP, 92 Stat. 172, §§ 201–213, receive severance benefits if they are laid off by an employer affected by the park expansion. Section 208(a) of the Redwood Act provides in pertinent part:

(a) An affected employee ... shall be paid severance pay in accordance with this section if said employee:

(1) has been on a continuous layoff from employment with the employee's last affected employer for a period of at least twenty weeks subsequent to December 31, 1977;

(2) has no definite recall date for work with the affected employer by whom the employee was laid off and no offer of suitable work by any affected employer; and

(3) applies for severance pay during a week with respect to which said employee has not performed work for an affected employer: *Provided,* That this clause shall not result in denial of severance pay to an otherwise eligible employee who at the time of application is totally and permanently disabled as defined in the Social Security Act; ...

Section 201(12) of the Redwood Act defines a total layoff as a "calendar week during which affected employers have made no work available to a covered employee...."

■ Mahan raises two challenges to the Deputy Under Secretary's decision. First, Mahan contends that because he has been off work for more than 20 continuous weeks he meets the requirement of section 208(a)(1) that he be laid off from employment. Mahan's argument must be rejected. In *Kirby v. Donovan,* 727 F.2d 869 (9th Cir.1984), we stated that an employee off work solely because of disability is generally not entitled to REPP benefits. *Id.* at 872. We recognized that an exception arises where an employee's unemployment

* Honorable Carolyn R. Dimmick, United States District Judge, Western District of Washington, sitting by designation.

is due to reasons other than disability and those reasons are significantly related to park expansion. *Id.* Mahan's unemployment, however, does not fall within the meaning of the term "layoff" or within the exception stated in *Kirby.* Mahan concedes that he was off work solely because of his disability. And the findings in the administrative record are unrefuted that work was available at Louisiana-Pacific if Mahan recovered from his disability. Because work was available with his employer and Mahan could not perform that work solely because of his disability, Mahan does not satisfy the layoff requirement of section 208(a)(1).

■ Mahan's second contention is that an employee who is totally and permanently disabled is eligible for REPP benefits under the proviso in clause (3) of section 208(a) irrespective of whether the employee meets the other requirements of section 208(a). In interpreting the provisions of the Redwood Act we are mindful of the requirement of section 213(f) that in all cases where two or more constructions of the language of the Act are reasonable we must apply that construction which is most favorable to the employee. *Kirby v. Donovan,* 727 F.2d at 871. Mahan's interpretation of clause (3), however, is unreasonable and must be rejected.

Clauses (1), (2) and (3) of section 208(a) are independent. Each clause must be satisfied for an employee to be eligible for severance benefits. *See Baum v. Brock,* 786 F.2d 938, 938–39 (9th Cir.1986). Clause (3) is unambiguous. The proviso therein applies only to that clause and does not create eligibility for severance benefits by precluding the operative effect of clauses (1) and (2). Rather, the proviso in clause (3) was added to ensure that an employee who had already met the other requirements of section 208(a) would not be disqualified because he had become disabled after being laid off. The interpretation urged by Mahan would operate to create automatic eligibility for all workers unemployed solely because of a disability. The Redwood Act "was not intended to provide

an alternative form of disability compensation." *Kirby v. Donovan,* 727 F.2d at 872.

The decision of the Deputy Under Secretary to deny benefits is AFFIRMED.